# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>EVERETT EUGENE MILLER<br><br>_Defendant(s)_ | )<br>)<br>)  Case No.  3:20-MJ-2127<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  on or about January 8, 2020  in the county of  Morgan  in the  Eastern  District of  Tennessee , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2423(a) | Knowingly transport an individual who has not attained the age of 18 years in interstate or foreign commerce or in any commonwealth, territory, or possession of the United States, with the intent that the individual to engage in sexual activity. |

This criminal complaint is based on these facts:

Please see the affidavit of FBI Special Agent J. Jason Pack which is attached hereto and fully incorporated herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

J. Jason Pack, FBI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date:  5/20/2020

_____
Judge's signature

City and state:  Knoxville, TN

H. Bruce Guyton, United States Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 3:20-CR- 2127 |
| | ) |
| EVERETT EUGENE MILLER | ) |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, J. Jason Pack, being duly sworn, depose and say:

### I. INTRODUCTION

1. This affidavit is submitted in support of an application for an arrest warrant of Everett Eugene Miller (hereafter "Miller").

2. This affidavit is based upon my training and experience, and information obtained from other law enforcement officers and agents involved in this investigation. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to demonstrate that Miller transported a minor (hereinafter "the victim") in interstate commerce with intent for the minor to engage in sexual activity for which a person can be charged with a criminal offense in violation 18 U.S.C. § 2423(a).

## II. RELEVANT STATUTE

3. As noted above, this investigation concerns alleged violation 18 U.S.C. § 2423(a), which provides that it is a felony for a person to knowingly transport an individual who has not attained the age of 18 years in interstate or foreign commerce or in any commonwealth, territory, or possession of the United States, with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so.

4. I am aware that federal courts have determined that a violation of 18 U.S.C. § 2423(a) is a continuing offense and, and such, may be prosecuted in any district in which such offense begun, continued, or completed. 18 U.S.C. § 3237(a).

## III. PROBABLE CAUSE

5. In support of the application for a criminal complaint, I hereby incorporate by reference the facts and information set forth in my affidavits in support of the search warrants in Case Nos. 3:20-MJ-2125 and 3:20-MJ-2126.

6. The victim turned 16 years of age in July 2019. Miller turned 53 years of age in August 2019.

7. At all relevant times, it was a felony in the State of New Mexico for an individual to intentionally cause a person to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or the cause the penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission, if perpetrated on a child thirteen to sixteen years of age and the perpetrator is at least four years older than the child and not the spouse of the child. N.M. Stat. Ann. § 30-9-11.

2

Case 3:20-cr-00058-KAC-JEM   Document 3   Filed 05/20/20   Page 3 of 4   PageID #: 5

8. At all relevant times, it was a felony in the State of Utah for an individual ten years or more older than a minor that is 16 years of age or older, but younger than 18 years of age, to have sexual intercourse or engage in any sex act with a minor involving the genitals of one individual and the mouth of another individual, regardless of the sex of any either participant. Utah Code Ann. § 76-5-401.2.

## IV. CONCLUSION

9. Based on the foregoing, there is probable cause to establish that Miller knowingly transported an individual who has not attained the age of 18 years in interstate or foreign commerce or in any commonwealth, territory, or possession of the United States, with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so. Therefore, I respectfully request that this Court issue a warrant for Miller's arrest for violation of 18 U.S.C. § 2423(a).

_____
J. Jason Pack, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this 20 day of May, 2020.

_____
H. BRUCE GUYTON
CHIEF UNITED STATES MAGISTRATE JUDGE

3