IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:20-CR-058-TAV-HBG |
| EVERETT E. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Miller's Motion to Continue [Doc. 19], filed on September 10, 2020.

Defendant Miller requests for the Court to continue the September 22, 2020 trial date in this case, claiming that defense counsel needs additional time to conduct legal research relevant to the case and complete his investigation into the facts of the case, as well as to discuss these findings with Defendant. Further, the motion states that Defendant understands that the period of time between the filing of the motion and the rescheduled trial date shall be fully excludable for speedy trial purposes. The motion also relates that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of January 26, 2021.

The Court finds the Defendant's motion to continue the trial and other deadlines to be unopposed by the Government and to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy

trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 12] charges Defendant with knowingly transporting an individual who has not attained the age of 18 years in interstate or foreign commerce, with the intent that the individual to engage in sexual activity, in violation of 18 U.S.C. § 2423(a), as well as committing felony sex offenses involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. Assistant Federal Defender Jonathan Moffatt relates that he needs additional time to resolve pretrial matters and to prepare the case for trial. The Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant's unopposed motion [**Doc. 19**] to continue the trial date is **GRANTED**, and the trial is reset to **January 26, 2021**. The Court finds that all the time between the filing of the motion for a continuance on **September 10, 2020**, and the new trial date of **January 26, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **October 12, 2020**. Responses to pretrial motions are due on or before **October 26, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **January 12, 2021, at 1:30 p.m.** This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must also be filed no later than **January 11, 2021**. Special requests for jury instructions shall be submitted to the District Judge no later than **January 15, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue [**Doc. 19**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 26, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **September 10, 2020**, and the new trial date of **January 26, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **October 12, 2020**. Responses to pretrial motions are due on or before **October 26, 2020**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **January 12, 2021 at 1:30 p.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery;

(6) The Court instructs the parties that all motions *in limine* must be filed no later than **January 11, 2021**; and

(7) Special requests for jury instructions shall be submitted to the District Judge no later than **January 15, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge