IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:20-CR-58-KAC-HBG ) |
| EVERETT EUGENE MILLER, JR., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant's Motion for a Severance [Doc. 54] and Defendant's Amended Motion for a Severance [Doc. 63].[1] Defendant Miller stands charged in a four-count Superseding Indictment [Doc. 55] with enticing a minor to engage in sexual activity between July 2019 to January 23, 2020 (Count 1); transporting a minor to engage in sexual activity from December 29, 2019, to January 9, 2020 (Count 2); commission of a felony involving a minor as charged in Counts 1 and 2 by a person required to register as a sex offender (Count 3); and attempted escape from custody on

---

[1] Defendant filed his Motion for a Severance [Doc. 54] on April 8, 2021, arguing that Count 1, charging that he transported a minor with intent to engage in sexual activity, must be severed from Count 2, alleging that he committed the felony alleged in Count 1 and involving a minor while being required to register as a sex offender. On April 7, 2021, a Superseding Indictment was filed adding a new Count 1, charging enticement of a minor for sex, charging former Count 1 as Count 2, charging former Count 2 as Count 3, and adding Count 4, which charges attempted escape. At the April 20, 2021 arraignment on the Superseding Indictment, Defendant asked to amend his motion to sever due to the addition of Count 4. On May 11, 2021, he filed Defendant's Amended Motion for a Severance [Doc. 63], which restates the arguments in his initial motion. The Court considers these motions collectively herein.

August 14, 2020, while detained under an Order of Detention Pending Trial issued on July 15, 2020 (Count 4). Defendant asks the Court to sever Counts 1 and 2 for a separate trial from that of Counts 3 and 4. He contends that Counts 1 and 2 are improperly joined to Counts 1 and 2, because they do not arise out of the same act or transaction. He also argues that he will suffer substantial prejudice if the jury which considers Counts 1 and 2 knows that he is on the Tennessee sex offender registry and that he was in custody at the time of the alleged escape.

The Government opposes severance, arguing the four counts are properly joined and linked factually and legally [Docs. 57 & 67]. For the reasons discussed herein, Defendant's motions for severance [**Docs. 54 & 63**] are **DENIED**.

I.      ANALYSIS

Rule 8(a) permits two offenses to be jointly charged if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Court examines the face of the Indictment to determine whether the counts are properly joined. *United States v. Locklear*, 631 F.3d 364, 368 (6th Cir. 2011); *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997). Joinder under Rule 8(a) is appropriate when the counts are "logically related" and involve a significant amount of overlapping proof. *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001), *cert. denied*, 535 U.S. 1026 (2003). "To the extent that it is consistent with providing the defendant with a fair trial, . . . Rule [8(a)] is to be construed liberally to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983).

However, even when counts are properly joined, the Court may sever counts for separate trials "or provide any other relief that justice requires," if it finds that the joinder of counts "appears to prejudice a defendant or the government[.]" Fed. R. Crim. P. 14(a). In determining whether to

2

grant a request for severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. *Wirsing*, 719 F.2d at 864-65. In light of the preference for joint trials, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice" from a joint trial on all counts. *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005); *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (holding that severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice).

In the instant case, Defendant Miller argues Count 3 is improperly joined with Counts 1 and 2, because the offenses do not arise out of the same act or transaction, nor are they part of a common scheme or plan. He also argues that he will suffer substantial prejudice from a joint trial of Count 3 with that of Counts 1 and 2, because the jury may conclude he is guilty of Counts 1 and 2 when it learns that he was on the sex offender registry and, thus, was previously guilty of a sex offense. Defendant contends that Count 4 is improperly joined with Counts 1 and 2, because the alleged attempted escape occurred more than seven months after his arrest on state charges. Additionally, even if properly joined, Defendant contends that a joint trial of Counts 1, 2, and 4 creates a substantial risk of prejudice, because the jury may infer he is dangerous upon learning that he was denied bond in this case.

The Government responds that all counts are properly joined. It asserts that because Count 3 alleges that Defendant committed Counts 1 and 2, while required to register as a sex offender, they are based upon the same acts and have a large amount of overlapping proof. Moreover, the

3

Government asserts that it will introduce the testimony of the victim of his 2009 aggravated statutory rape conviction, which resulted in the requirement that he register as a sex offender, under Federal Rule of Evidence 413. Thus, it contends that Defendant suffers no improper prejudice from a combined trial on Counts 1 through 3. Similarly, the Government maintains that evidence of the escape alleged in Count 4 is admissible as proof of consciousness of guilt for Counts 1 and 2. The Government contends that because evidence of the counts Defendant seeks to sever are admissible in a separate trial of Counts 1 and 2, Defendant is not prejudiced by a joint trial of all counts.

The Court examines whether Counts 3 and 4 are properly joined and cause potential undue prejudice.

A. Count 3

The Court finds that Count 3, commission of a felony involving a minor by a person required to register as a sex offender, is properly joined with Counts 1 and 2, enticing and transporting a minor for sexual activity, because the three counts are part of "the same act or transaction" and "based on acts or transaction that are connected with . . . a common scheme or plan," as required by Federal Rule of Evidence 8(a). Counts 1 and 2 are a necessary element of Count 3. *See United States v. Helms,* \*2 (W.D. Ky Aug. 30, 2019) (finding that crossing a state line with intent to engage in a sexual act with a minor is a necessary element of and, thus, properly joined with commission of a felony involving a minor by a person required to register as a sex offender). In order to prove a violation of 18 U.S.C § 2260A, the Government must show that Defendant (1) was required to register as a sex offender and (2) committed a felony involving a minor. The "counts are linked by common evidence and burdens of proof." *Helms,* at \*2. The

4

same acts—Defendant's enticing or transporting a minor to engage in sexual activity—must be proven for Count 3 as well as Counts 1 and 2.[2] *See id.*

Defendant relies on *United States v. Two Hearts*, No. CR 12–30108–RAL, 2013 WL 175780 (D. S.D. Jan. 16, 2013), to argue that the joinder of Count 3 with Counts 1 and 2 is improper and unduly prejudicial. In *Two Hearts*, the court held that an allegation of failure to register as a sex offender was improperly joined with a count charging aggravated sexual abuse of a child because the offenses are not of the "'same or similar character,'" "are not the same type of offenses," and "the evidence as to each crime does not overlap." *Id.* at *3. However, unlike § 2260A, a failure-to-register offense does not have as an element the commission of a felony involving a minor.[3] The Court finds *Two Hearts* is not persuasive on the issue of joinder in this case.

Having found that Count 3 is properly joined with Counts 1 and 2, the question for the Court is whether Defendant Miller will suffer "compelling, specific, and actual prejudice" by a joint trial of the three counts. Defendant asserts that his defense to Counts 1 and 2 is that he did

---

[2] Defendant argues that the Government does not have to prove the underlying acts in Counts 1 and 2 in a separate trial of Count 3, only the fact that he was convicted of a violation of 18 U.S.C. § 2422 or 2423. However, the plain language of § 2260A focuses on an individual, required to register as a sex offender, who "*commits* a felony offense involving a minor under" one of the listed statutes. 18 U.S.C. § 2260A (emphasis added). The statute does not require that the individual was convicted of the felony offense.

[3] Defendant also cites to *United States v. Williams*, which like *Two Hearts*, turns on the severance of a failure-to-register count. No. 14–CR–109, 2015 WL 2095207, at *2 (E.D. Wis. May 5, 2015) (Joseph, N. MJ). Although *Williams* also involved a § 2260A count, the defendant only requested severance of the failure-to-register count from the child enticement count, and the court's decision did not address the § 2260A count. Instead, the court found that although the failure-to-register charge and the child enticement charge arose out of the same investigation of defendant, "there is no overlap in evidence needed to prove these two offenses." *Id.* at *3. As discussed above, in the instant case, proof of Count 3 involves proof of the commission of Counts 1 or 2. The Court also finds *Williams* is not persuasive authority here.

5

not have the requisite intent to entice or engage in sexual acts with a minor. He argues that the jury will infer his guilt of Counts 1 and 2 when they learn he has a prior conviction for a sex offense and is required to register as a sex offender. The Government contends that the evidence of Defendant's prior sex offense is admissible in the trial of Counts 1 and 2 under Federal Rule of Evidence 413.

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). Subsection (d) of Rule 413 defines sexual assault to include "contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus," or "contact, without consent, between the defendant's genitals or anus and any part of another person's body[.]" Fed. R. Evid. 413(d)(2) & -(3). The Government contends that the conduct forming the basis for Counts 1 and 2 qualifies as sexual assault(s) under Rule 413(d)(2) and -(3), because it involves Defendant's sexual contact with the victim, who is a minor and could not legally consent. It contends that Defendant was convicted of aggravated statutory rape in 2009 in Loudon County, Tennessee, based upon his rape of a fourteen-year-old victim who was spending the night at his residence. The Government asserts that the testimony of the victim of Defendant's 2009 conviction is highly relevant and presumptively admissible under Rule 413.

Our appellate court has upheld the admissibility of evidence of prior sexual assaults in trials for sexual offenses. *United States v. Mandoka*, 869 F.3d 448, 453-54 (6th Cir. 2017); *United States v. Morris*, 494 F. App'x 574, 584 (6th Cir. 2012) (determining evidence of another sexual assault particularly relevant when defendant contends the alleged victim consented to the acts for which he is on trial), *cert. denied,* 568 U.S. 1107 (2013). "Rule 413(a) permits the government to admit

evidence of a defendant's prior sexual assaults as propensity evidence "on any matter to which [the assaults are] relevant." *Mandoka*, 869 F.3d at 453. In the instant case, the Court finds that evidence of the sexual assault of the fourteen-year-old victim in the 2009 conviction is relevant to Defendant's intent in taking the instant victim, sixteen-year-old H.E., on trips in his semi-truck and to H.E.'s credibility in reporting the offenses to authorities.[4] The Court also finds (and Defendant does not appear to challenge) that the alleged conduct in the instant case and the conduct in the 2009 case qualify as sexual assaults under Rule 413(d)(2) or (3). Evidence of prior sexual assaults is relevant when the "facts" of the prior sexual assault are "similar" to those of the charged offense. *Mandoka,* 869 F.3d at 454. Based on the minimal facts before it, the Court finds that the facts of the 2009 conviction (Defendant's sexual assault of a fourteen-year-old girl who was staying at his residence) are similar to the facts underlying the allegations in Counts 1 and 2 (Defendant's sexual activity with a sixteen-year-old girl who was living at his residence).[5] Thus, the Court finds that the evidence of the conduct resulting in the 2009 conviction would be admissible in the trial of Counts 1 and 2 under Rule 413(a).

In his reply, Defendant argues that the Court should not consider evidence of the 2009 conviction in relation to the severance issue for two primary reasons (1) that the Government has

---

[4]Defendant also alleges that he intends to defend this case by challenging the victim's credibility in reporting the sexual contact [*see* Docs. 37, p.6 ("the defense in this case involves the veracity and inconsistency of statements made by H.E.")].

[5] Defendant argues that the conduct underlying the 2009 conviction does not appear to be similar to the instant allegations of enticement over a period of time. However, similarities in the ages of the victims, their relationship to the defendant, and the type of sexual assault "were more than similar enough to pass th[e] 'very low' threshold for relevance." *Mandoka*, 869 F.3d at 454. The instant allegations and the facts underlying the 2009 conviction are similar in age of victim and the type of sexual assault. Additionally, it appears Defendant had access to both the victim of the 2009 conviction and H.E. because they stayed or lived at his residence, although notably with H.E. the alleged sexual assault occurred away from the residence. The Court finds the similarities are sufficient to meet the low threshold for relevance.

7

not provided notice of the victim's statements or a summary of her expected testimony as required by Rule 413(c) and (2) the unfair prejudice from this evidence substantially outweighs its probative value under Rule 403. Federal Rule of Evidence 413(b) provides that "[i]f the prosecutor intends to offer [prior sexual assault] evidence, the prosecutor must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony . . . at least 15 days before trial or at a later time that the court allows for good cause." In the instant case, the Government has disclosed its intent to use 413 evidence and the general nature of that evidence in its response to his motion to sever, which it filed on May 27, 2021. The Court finds the instant information is sufficient to determine the motion to sever. The trial of this case is scheduled for September 21, 2021. The Government is required to comply with Rule 413(b) and provide any witness statements or a summary of the witness's expected testimony by no later than fifteen days before trial. The Government is encouraged to disclose this information as soon as possible to permit Defendant to prepare any motions *in limine*, which are due on September 6, 2021 [Doc. 62].

"Evidence otherwise admissible under Rule 413 is subject to Rule 403, which allows the district judge to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice Rule 403 balancing test applies to evidence admitted under Rule 413." *Morris*, 494 F. App'x at 584. Defendant argues that the Rule 403 balancing test is not properly before the undersigned but is, instead, a matter for the District Judge and only after a full disclosure under Rule 413(b). Defendant also notes the conduct underlying the 2009 conviction is at least fourteen years old, which he contends is significant to the probative value of that evidence. The Court observes that the age of the prior sexual offense does not disqualify it from consideration under Rule 413(a), if it is otherwise relevant. *United States v. LaVictor*, 848 F.3d 428, 450 (6th Cir. 2017) (affirming admission of prior sexual assaults under Rule 413 even though "several

8

years" occurred between those assaults and the charged offenses and collecting cases admitting evidence between 20 and 30 years old).

While the undersigned agrees that the Rule 403 balancing must be conducted by the District Judge with access to more facts than are before the undersigned, the Court finds evidence of a prior sexual assault of a minor victim is especially probative in this case in which Defendant challenges the victim's credibility. Although Rule 413 evidence can be "inherently prejudicial" and may have "a strong propensity to evoke a visceral reaction from a lay jury," Congress's enactment of Rule 413 indicates the "probative nature" of evidence of prior sexual offenses. *Id.* Our appellate court has recognized that

> the codification of Rule 413, 414, and 415 represent an understanding that sexual assault is different from regular prior bad acts. This difference is either that "propensity evidence has special value in certain violent sexual misconduct cases or that the difficulty of and need for convictions for these crimes warrants a decrease in the usual protections against propensity and character evidence."

*Id.* (quoting *United States v. Stout*, 509 F.3d 796, 801-02 (6th Cir. 2007)). In this regard, Congress has recognized the particular importance of 413 evidence when the defendant claims the alleged victim consented and "there are no witnesses [to the alleged sexual offense] other than the defendant and the alleged victim." *Morris*, 494 F. App'x at 584. The Court finds this reason applies in the instant case in which the Defendant challenges the credibility of the victim's account and there are no witnesses to the alleged acts.

The Court finds that Counts 1 and 2 should not be severed for a separate trial from that of Count 3, because it appears that evidence of the facts underlying the Defendant's 2009 conviction for aggravated statutory rape are admissible in regard to Counts 1 and 2. "Joinder of other crimes cannot prejudice the defendant more than he would have been by the admissibility of the other evidence in a separate trial." *United States v. Harris*, 635 F.2d 526, 527 (6th Cir. 1980), *cert.*

9

*denied*, 451 U.S. 989 (1981). Because evidence of his prior conviction for a sexual offense is admissible, the fact that Defendant was required to register as a sex offender is not unduly prejudicial. The Court finds that Defendant's request to sever Count 3 for a separate trial from Counts 1 and 2 should be **DENIED**. If the District Judge ultimately finds that evidence of the 2009 conviction is not admissible at trial, the undersigned recommends that the trial be bifurcated such that the jury hears the evidence and deliberates on Counts 1 and 2 (and 4, as discussed below) and then hears the evidence of Count 3 only after rendering a verdict on the other Counts. *See Helms*, 2019 WL 4143298, \*2 (holding defendant's conclusory argument that upon hearing evidence that he has a prior sex offense, the jury will "assume" he is guilty of the charged sex offense "is not evidence of any compelling, specific, or actual prejudice that may only be cured by severance).

### B. Count 4

Defendant Miller also asks the Court to sever Count 4 for a separate trial from Counts 1 and 2, because they are improperly joined and evidence of his attempted escape is unduly prejudicial. As with Count 3, the Government argues that evidence of Defendant's attempted escape as alleged in Count 4 is admissible in the trial of Counts 1 and 2 to show his consciousness of guilt on the pending charges. Defendant contends that evidence of flight is not admissible to show consciousness of guilt of Counts 1 and 2, because the alleged flight occurred more than seven months after his initial arrest on state charges and almost three months after his federal complaint. He asserts he is prejudiced by evidence of the attempted escape, because the jury could infer he is dangerous from the fact that he was denied bond.

Count 4 charges that Defendant Miller, who was detained by virtue of a court order issued on July 15, 2020, attempted to escape from custody on August 14, 2020. The parties state that

10

the alleged attempted escape occurred after Defendant had a medical procedure at a private medical facility [Docs. 63, p.8 & 67, p.3].

First, the Court finds that Count 4 is properly joined with Counts 1 through 3. An escape charge is sufficiently related to a substantive offense to be joined for trial if (1) the charges are "related in time," (2) defendant fled to avoid prosecution, and (3) defendant was in custody because of the substantive charge. *United States v. Kaler*, 11 F. App'x 400, 402 (6th Cir. 2001). Here, Defendant was arrested on a federal Criminal Complaint on May 27, 2020 [Doc. 10]. Count 4 alleges he attempted to escape on August 14, 2020, which is two and one-half months after his arrest, and one month after his arraignment and detention hearing on July 14, 2020 [Doc. 14, minutes]. The Court finds the escape was related in time to Defendant's federal charges. Moreover, the fact that the attempted escape occurred one month after Defendant was arraigned and advised of the serious potential penalties for the charge in Count 2[6] suggests his flight was to avoid prosecution. Finally, Defendant was in custody for the substantive offenses at the time of the attempted escape. Joinder is proper under Rule 8(a).

"'[F]light' is generally admissible as evidence of guilt, and . . . juries are given the power to determine 'how much weight should be given to such evidence.'" *United States v. Touchstone*, 726 F.2d 1116, 1119 (6th Cir. 1984) (quoting *United States v. Craig*, 522 F.2d 29, 32 (6th Cir.1975)). As here, the defendants in *Touchstone* argued that evidence of flight was not admissible because the flight occurred so long after the offense or accusation of a crime that it did not prove consciousness of guilt. *Id.* However, the court rejected a requirement of "immediacy," observing that "immediacy 'generally only becomes important in those cases where the defendant

---

[6] Count 2, which was Count 1 in the original Indictment, carries a penalty of ten years to life imprisonment and five years to life on supervised release, along with fines and forfeiture.

11

does not know, or his knowledge is doubtful, about the charges and accusations made against him.'" *Id.* (quoting *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1106 (9th Cir. 1979)). Thus, the court in *Touchstone* affirmed the admissibility of flight occurring on the third day of trial. *Id.*

Defendant argues that evidence of the attempted escape alleged in Count 4 would not be admissible in a separate trial of Counts 1 and 2, because the alleged escape occurred over seven months after his arrest on state charges. Defendant cites to *United States v. Herron*, which held "it is not clear" that evidence of defendant's escape would have been admissible in a separate trial for the bank robberies occurring five months earlier. 199 F. App'x 472, 476 (6th Cir. 2006) (finding the failure to sever the escape and bank robbery charges to be at most harmless error), *cert. denied* 552 U.S. 894 (2007). *Herron* relies on a quotation from *Touchstone*, stating that it is the immediacy of flight after the commission or accusation of an offense that "indicates fear or apprehension and gives evidence of flight such trustworthiness as it possesses." *Herron*, 199 F. App'x at 476 (quoting *Touchstone*, 726 F.2d at 1119 (in turn quoting *United States v. Myers*, 550 F.2d 1036, 1051 (5th Cir. 1977)). However, this quotation from *Touchstone* comes from the court's discussion of a case cited by defendants but distinguished by the court: "[C]ases following *Myers* have indicated that immediacy 'generally only becomes important in those cases where the defendant does not know, or his knowledge is doubtful, about the charges and accusations made against him.'" *Touchstone*, 726 F.2d at 1119. The court observed that *Myers* and the other cases cited by the defense all involved defendants who were not aware of pending charges at the time of flight. *Id.* Like the defendants in *Touchstone*, Defendant Miller was aware that he was charged with the offenses alleged in Counts 2 and 3 at the time of the attempted escape alleged in Count 4. Accordingly, the Court finds that Count 4 is properly joined for trial with Counts 1 through 3, and

12

its joinder is not unfairly prejudicial. Defendant's request to sever Count 4 for a separate trial is **DENIED**.

## II. CONCLUSION

In summary, the Court **ORDERS** as follows:

(1) Defendant's Motion for a Severance [**Doc. 54**] and Amended Motion for a Severance [**Doc. 63**] are **DENIED**;

(2) Pursuant to Federal Rule of Evidence 413(b), the Government is **DIRECTED** provide any witness statements or a summary of the witness's expected testimony as soon as possible but no later than **fifteen days** before trial; and

(3) If the District Judge subsequently finds that evidence of the Defendant's 2009 conviction for aggravated statutory rape is not admissible at trial, the undersigned **RECOMMENDS** that the trial be bifurcated to allow the jury to hear the evidence and deliberate on Counts 1, 2 and 4, and to hear the evidence on Count 3 only after rendering a verdict on the other Counts.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge